UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80154-CR-MARRA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| JULIO RUIZ CHUTA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**GOVERNMENT'S RESPONSE TO MOTION TO PRECLUDE TESTIMONY BY SERGEANT PEDRO VALDEZ, OR IN THE ALTERNATIVE, TO CONTINUE TRIAL**

The Government files this response to Defendant's Motion to Preclude Testimony By Sergeant Pedro Valdez, or in the Alternative, to Continue Trial (ECF No. 33). Defendant sets forth two reasons that the Court should strike Sergeant Valdez's testimony, neither of which are meritorious.

**I.     The Government Provided Timely Notice of Sergeant Valdez's Testimony.**

The Defendant claims that, by providing pre-trial notice of its intent to call Sergeant Valdez as an expert, the Government has somehow committed a discovery violation. The Government provided detailed notice to the Defendant of its intent to call Sergeant Valdez as an expert promptly after locating and interviewing him, two weeks before the second trial setting in this matter. (ECF No. 27). Neither the Court's Standing Discovery Order, the Southern District of Florida's Local Rules, nor the Federal Rules of Evidence require the Government to provide notice of expert testimony by a date certain before trial. Thus, the Government has not committed a discovery violation by promptly notifying the Defendant and the Court of its intent to call Sergeant Valdez as an expert.

Moreover, the Defendant claims that he will be at a "great disadvantage" because Sergeant

Valdez has not previously testified or spoken publicly about his religious practices. An individual need not have prior experience testifying or speaking publicly in order to qualify as an expert on a topic under Federal Rule of Evidence 702. FED. R. EVD. 702 ("[A] witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise"). Indeed, every expert must testify for the first time at some point.

Here, Sergeant Valdez's expertise is based not on prior courtroom appearances but rather on his real-life practice of the religion of Santeria and Palo Mayombe for the past 45 years, his leadership position as a *Tata Nganga*, or priest, of Palo Mayombe, and his extensive involvement in Santeria and Palo Mayombe communities. Federal courts regularly find religious leaders to be qualified on matters of religious practice, customs, and rules. *See, e.g.*, *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 162 (3d Cir. 2002) (considering competing testimony of rabbis in dispute between Orthodox Jewish community and city government over ordinance requiring removal of religiously symbolic *lechis* from utility poles); *Beerheide v. Suthers*, 286 F.3d 1179, 1183 (10th Cir. 2002) (considering expert testimony from rabbi in ligation over prison's failure to provide inmates with kosher meals); *Williams Island Synagogue, Inc. v. City of Aventura*, 329 F.Supp.2d 1319, 1324 (S.D. Fl. 2004) (holding that rabbi was qualified under Federal Rule of Evidence 702 to testify regarding requirements of temple); *Konikov v. Orange County, FL*, 290 F.Supp.2d 1315, 1319 (M.D. Fl. 2003) (permitting plaintiffs to present expert testimony from two rabbis regarding the definition of relevant Hebrew and Yiddish terms, and to testify as to the prayers and practices of the Chabad Hassidim). As Sergeant Valdez's testimony will make clear, he has ample "knowledge, skill, experience, [and] training" in the subject matter to qualify as an expert under Federal Rule of Evidence 702. FED. R. EVD. 702.

Furthermore, the Defendant does not claim that Sergeant Valdez lacks the requisite

qualifications or expertise, only that his lack of prior testimony and publications make it more difficult for the Defendant to prepare a cross-examination. Difficulty in preparing a cross-examination of the Government's expert is, however, not an adequate basis for preclusion. The Government provided timely notice of a qualified expert, and, at trial, the Defendant will have ample opportunity to cross-examine Sergeant Valdez in depth on his expertise and argue to the jury about the weight it should ascribe to his testimony. Indeed, in his motion, the Defendant has already demonstrated his ability to challenge Sergeant Valdez's testimony by questioning its relevance to the matters that will be at issue at trial.

**II.     Sergeant Valdez's Testimony Will Assist the Jury to Understand the Evidence Presented at Trial.**

The Defendant argues that the Government has not explained how Sergeant Valdez's testimony could be relevant at trial. The Government expects to produce testimony from the minor victim and his parents regarding threats that the Defendant made in connection with the minor victim's smuggling debt. The Government plans to show that those threats constituted threats of serious harm to the minor victim and his family, which compelled the minor victim to continue working for the Defendant's benefit.

To prove forced labor, the Government must show that the Defendant's actions constituted a threat of serious harm "that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances" as the victim. 18 U.S.C. § 1589(c)(2) ("The term 'serious harm' means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of *the same background and in the same circumstances* to perform or to continue performing labor or services in order to avoid incurring that harm."). Thus, evidence regarding the practice of *brujería* or "witchcraft" in

the Santeria religion and the gravity that a person who believes in those practices might ascribe to a threat of their use against him or his family are directly relevant to the forced labor charge.

Sergeant Valdez's testimony will properly assist the jury in better understanding the cultural and religious nuances of these practices and how they are carried out. Expert testimony "is admissible if it concerns matters that are beyond the understanding of the average lay person" and the testimony "assist[s] the trier of fact." *United States v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004). The religion of Santeria and its practices, including the practice of *brujería*, are outside the ken of the "average lay person," and, without providing the necessary background and context through Sergeant Valdez's testimony, the jury will not have the assistance it needs to understand the relevant facts introduced at trial.

The Defendant claims that the Government has never disclosed any terms that warrant explanation, as the Defendant's threats to the minor victim and his family have only been called "witchcraft" or "black magic." But the significance of those terms—particularly as they relate to someone from the minor victim's background and circumstances—do require further explanation from an expert. The jury can understand those terms and their meaning only with an explanation of how the adherents of Santeria and Palo Mayombe practice their religion and how those practices are perceived by members of their broader community.

The Defendant also asserts that Sergeant Valdez's testimony will constitute improper bolstering. This argument is misplaced, as viable claims of bolstering relate to the prosecutor's conduct, not the content of expert testimony. "Improper bolstering occurs when the government places its prestige behind the witness, or when the government suggests that information not presented to the jury actually supports the witness's credibility." *United States v. Reeves*, 742 F.3d 487, 502 (11th Cir. 2014). Typically, the "prohibition of bolstering witness credibility reaches only

the prosecutor's conduct and does not apply to government witnesses." *United States v. Sanchez*, 790 F.2d 1561, 1564 (11th Cir. 1986); *see United States v. Williford*, 764 F.2d 1493, 1502 (11th Cir. 1985) (finding that the "proscription on bolstering seeks to control the prosecutor's conduct" and is "inapplicable to witnesses, government agents, or others").  Indeed, Sergeant Valdez will not vouch for the credibility of other Government witnesses, or even apply his opinion to or discuss the specific facts of the instant case.

Further, the Government will not prompt Sergeant Valdez to comment on the credibility of other witnesses.  A witness "is not permitted to invade the jury's province by testifying" directly that another witness was or was not truthful on a specific occasion, and it may be improper for the "government 'to use [a] line of questioning as an indirect way of bolstering [a witness's] credibility.'" *United States v. Aplesa*, 690 F. App'x 630, 636 (11th Cir. 2017). (quoting *United States v. Henderson*, 409 F.3d 1293, 1299 (11th Cir. 2005) (finding that a government agent's testimony that cooperating witnesses often *initially* lie to law enforcement for various reasons directly implied that the cooperating witness that the agent was working with was thus telling the truth at trial); *cf. Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998) (holding that an expert's testimony that "99.5% of children tell the truth and that the expert, in his own experience with children, had not personally encountered an instance where a child had invented a lie about abuse" was improper where the expert had interviewed a specific child witness in a child sexual abuse case and the case was based almost entirely on the credibility of three children witnesses).

Sergeant Valdez will explain Santeria to the jury and describe the general practice of Santeria to provide context and background for the Government's other witnesses' descriptions of the Defendant's specific threats and the minor victim's perception of those threats. Sergeant Valdez's testimony will not pertain to the Defendant's specific threats themselves or the other

witnesses' states of mind, and, most importantly, will not pertain to the credibility of the Government's other witnesses. Sergeant Valdez's expert testimony will, therefore, in no way constitute improper bolstering.

Respectfully submitted this March 5, 2022.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

/s/Gregory Schiller_____
GREGORY SCHILLER
Assistant United States Attorney
Admin. No. A5501906
500 S. Australian Ave., Suite 400
West Palm Beach, Florida 33401
Phone: (561) 209-1046
E-mail: gregory.schiller@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I hereby certify** that on March 5, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                                    s/ *Gregory Schiller*
                                                    Gregory Schiller
                                                    Assistant United States Attorney